UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE SPEER. | No. 3:21-cv-965 (SRU)

## RULING ON BANKRUPTCY APPEAL

Chapter 7 Debtor Sheri Speer ("Speer"), proceeding *pro se*, appeals from two orders entered by the bankruptcy court: an order cancelling a status conference with the parties; and a Final Decree formally discharging the Chapter 7 Trustee and closing the case. For the reasons that follow, the appeal is **dismissed**.

### I.      Factual and Procedural Background

As the Second Circuit recently noted, Speer has filed more than forty appeals from orders issued in the bankruptcy matter at issue here. *See Speer v. Mangan (In re Speer)*, 2022 U.S. App. LEXIS 7862, at *3 (2d Cir. Mar. 24, 2022). Each appeal that has been adjudicated as of the date of this order has either been dismissed or the appealed-from order has been affirmed. *Id.* The lengthy factual and procedural background of that matter is set forth in more detail in United States Bankruptcy Chief Judge Anne Nevins' orders, as well as in various rulings from this District Court adjudicating Speer's litany of appeals; familiarity with the underlying proceedings is therefore assumed.

As relevant here, in October 2020, Judge Nevins approved, by written order, the Chapter 7 Trustee's Final Report and Application for Compensation. *See In re Speer*, 14-21007 at Doc. No. 1873; *see also Speer v. Mangan*, 2021 U.S. Dist. LEXIS 94062, at *3 (D. Conn. May 18, 2021). Speer appealed that order to this Court, which affirmed the order in May 2021. *See id.* at *12-13. In June 2021, the Chapter 7 Trustee's Final Account and Distribution Report,

Certification that the Estate had been Fully Administered, and Application to be Discharged was filed. *See In re Speer,* 14-21007 at Doc. No. 1922. On June 28, Judge Nevins entered an order notifying the parties that an upcoming status conference with the Court was no longer necessary in light of the Trustee's filing, and that the conference would therefore not proceed. *See id.* at Doc. No. 1927. On July 16, the Court entered a Final Decree discharging the Trustee, cancelling the Trustee's bond, and formally closing the Chapter 7 case. *Id.* at Doc. No. 1934. Speer now appeals from entry of both orders.

## II.     Standard of Review

Pursuant to 28 U.S.C. § 158, district courts have jurisdiction to "hear appeals. . . from final judgments, orders, and decrees" of a bankruptcy court. A bankruptcy court's findings of fact are reviewed for clear error and its legal conclusions are reviewed *de novo. Overbaugh v. Household Bank N.A. (In re Overbaugh)*, 559 F.3d 125, 129 (2d Cir. 2009); *see also Molbert v. Thiessen (In re Thiessen),* 2022 U.S. Dist. LEXIS 104313, at *4 (S.D.N.Y. June 10, 2022). A district court may "affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand with instructions for further proceedings." *In re Indicon*, 499 B.R. 395, 400 (D. Conn. 2013) (quoting former Federal Rule of Bankruptcy Procedure 8013) (cleaned up).

## III.    Discussion

Speer appeals two orders entered by the Bankruptcy Court in connection with winding down the underlying Chapter 7 proceeding. *See* Doc. No. 1; Doc. No. 6. The first order, a docket entry entered by Judge Nevins, provides as follows:

> The court previously scheduled a status conference to address any further steps required to complete administration of this Chapter 7 bankruptcy estate. In light of the filing of the Chapter 7 Trustee's Final Account and Distribution Report, Certification that the Estate has been Fully Administered and Application to be Discharged, ECF No. 1922, the status conference is canceled.

Doc. No. 1-2 at 4; *see also In re Speer*, 14-21007 at Doc. No. 1927. The second order, a Final Decree entered pursuant to 11 U.S.C § 350(a), provides:

> (1) Bonnie C. Mangan is discharged as the Chapter 7 Trustee of the estate of Sheri Speer; and it is further;
> (2) the Chapter 7 Trustee's bond as it applies to this case is cancelled unless otherwise ordered;
> (3) the Chapter 7 case of Sheri Speer is hereby closed.

Doc. No. 6 – 1 at 1; *see also In re Speer*, 14-21007 at Doc. No. 1934.

Speer has designated numerous docket entries as part of the record for purposes of the instant appeal, *see* Doc. No. 8, and identifies the issues on appeal as follows:

> (1) Did the Petitioning Creditor Clipper Realty Trust legally exist at the time it signed the involuntary bankruptcy petition commen[c]ing the underlying case?
> (2) Was Petitioning Creditor Dr. Michael Teiger's loan to the Debtor legally in default, and was Counsel representing him barred from taking actions to collect on it pursuant to orders in a State Court Case matter styled Commiss[i]oner of Banking v Cohen as a consequence of a permanent injunction?
> (3) Did the Bankruptcy Court (Dabrowski, J) lack subject matter jurisdiction over the petition?
> (4) Did the Trustee fail to perform her duties under the Bankruptcy Code to seek dismissal of an involuntary petition clearly designed to resolve what was essentially a two-party dispute between the Debtor and Creditor Seaport Capital Partners, LLC such that it failed to look out for the best interests of the Creditors?
> (5) Did the Bankruptcy Court (Nevins, J) fail to correctly apply *Wilk Auslander LLP v Murray* (*In Re Murray 900 F.3d 53* (2018)) in denying the Appellant's motions to dismiss?
> (6). Did the Court commit Plain Error in denying the Appellant all remedies and abilities to uncover what was a fraudulent involuntary petition designed to subvert state court trials on nine pending counterclaims?
> (7) Were there actually three valid knowing, informed and consenting petitioning creditors sufficient to sustain an involuntary bankruptcy petition against the Appellant as of the time it was filed?
> (8) Should the Bankruptcy Court have dismissed the case as it is permitted to abstain under 11 USC § 305?

*See* Doc. No. 9. In her brief in support of the appeal, Speer does not explicitly challenge entry of either order from which she appeals. Instead, reiterating certain of the arguments she has previously (and unsuccessfully) pressed before the Bankruptcy Court, this District Court, and the Court of Appeals, Speer argues that the "entire Bankruptcy [was] architected and executed by

Seaport Capital Partners, LLC and its principal, Steven Tavares." App. Brief, Doc. No. 13 at 8. In particular, Speer contends that the original involuntary petition lacked three valid creditors, depriving the bankruptcy court of subject matter jurisdiction; that the dispute should have been addressed in state court rather than in bankruptcy court; that the bankruptcy court erred in refusing to dismiss the involuntary petition; and that the trustees failed to adequately fulfill their duties. *Id.* at 9-10. For relief, Speer seeks, *inter alia*, that "the decision closing the entire case be reversed" (presumably referring to the Final Decree), and that in reversing that decision, "this Court also order that the case be dismissed." *Id.* at 34.

      1.      <u>Order Cancelling Status Conference</u>

As an initial matter, Speer's failure to so much as reference the order cancelling the status conference in her appellate brief effectively waives any argument on appeal that the Bankruptcy Court erred by entering the order. *See, e.g., Castleman v. Liquidating Tr.*, 2007 U.S. Dist. LEXIS 64047, at *31 (N.D.N.Y. Aug. 28, 2007) ("[I]n their appellate briefs, Appellants do not address the Bankruptcy Court's ruling concerning the issue of excusable neglect. For this . . . reason, this issue has been waived.") (collecting cases). Even assuming Speer's claims are not waived, however, it does not appear that there is any basis on which to conclude that the bankruptcy court erred by entering the order – a decision to cancel a conference clearly falls within the bounds of a bankruptcy court's authority to manage its docket. *See, e.g., Fletcher v. Davis (In re Fletcher Int'l, Ltd.)*, 536 B.R. 551, 557 (S.D.N.Y. 2015) (discussing bankruptcy court's authority to manage its own docket and holding that any such orders are reviewed only for abuse of discretion) (collecting cases).

Moreover, to the extent that Speer intends to challenge aspects of the Distribution Report itself by appealing from the order cancelling the status conference, she has failed to set forth any cogent arguments. Although Speer argues in her brief that the Trustee failed to fulfill certain of her duties, those same arguments were carefully considered and rejected by United States District Judge Janet Hall on review of Speer's appeal of the order of the bankruptcy court approving the Trustee's Final Report and Application for Compensation. That order was subsequently affirmed by the Second Circuit. *See Speer v. Mangan*, 2021 U.S. Dist. LEXIS 94062 at *6 – 8*; see also Speer v. Mangan (In re Speer)*, 2022 U.S. App. LEXIS 7862. As the Second Circuit explained, "the Trustee had no duty to examine Teiger's or Clipper Realty Trust's claims because neither was paid by the estate and no purpose would be served by such an examination." *Speer*, 2022 U.S. App. LEXIS 7862 at *2-3 (cleaned up). Similarly, to the extent that Speer objects to the Distribution Report on the basis of alleged misconduct by those same creditors, that argument is baseless given that the Trustee's Distribution Report reflects no payments from the estate to any of those parties. *In re Speer*, 14-21007 at Doc. No. 1922.

In sum, even assuming that Speer intends to challenge aspects of the Distribution Report by appealing from cancellation of the conference, her arguments lack merit.

2.  <u>Final Decree</u>

Speer additionally appeals from entry of the Final Decree, although she does not specifically address entry of the decree in the Statement of the Issues or in her brief on appeal, nor does she argue that the case has not been fully administered. Instead, and as indicated above, she sets forth a litany of arguments addressed to the Trustee's performance and to prior decisions of the bankruptcy court.

At the outset, I note that some courts have rejected appeals from entry of a final decree on the basis that a final decree does not cause any sort of pecuniary harm, and therefore that a debtor lacks standing to appeal from entry of such an order. *See, e.g., Kendall Hotel & Suites, Ltd. Liab. Co. v. Kapila (In re Sundale, Ltd.)*, 789 F. App'x 214, 214 (11th Cir. 2020) ("[A]ll the final decree did was (a) indicate that the estate had been fully administered and (b) discharge the trustee. *See generally* 11 U.S.C. § 350(a). The appellants were not adversely affected by the final decree, and do not claim that it was erroneous. They therefore lack standing to challenge it."); *see also Mondelli v. Delzotti (In re Mondelli)*, 2011 U.S. Dist. LEXIS 32822, at *13 (D.N.J. Mar. 29, 2011) ("The Final Decree orders only three things: that the Trustee be discharged, that the bond be terminated, and that [appellants'] bankruptcy case be closed. The [appellants] do not show how any of these three actions has a direct, pecuniary effect on them.").

Here, the Final Decree did three things: it discharged the trustee; terminated the bond; and closed the bankruptcy case. In her brief, Speer does not identify how any of those actions pecuniarily affected her, instead setting forth a litany of arguments germane to separate orders or decisions in the underlying proceeding. To be sure, a Chapter 7 debtor may have standing "where there is a reasonable possibility that the value of the bankruptcy estate assets exceeds estate debts," *see Osborne v. Tulis (In re Osborne)*, 594 F. App'x 34, 35 (2d Cir. 2015), or where "an adversary proceeding would deny her a discharge," *see In re Speer*, 2017 Bankr. LEXIS 4656, at *32 (Bankr. D. Conn. Mar. 31, 2017) (collecting cases). So far as I can discern from Speer's brief, however, she does not set forth any argument that addresses how entry of the Final Decree affected her pecuniary interest, much less suggest that either exception should apply.

Based on the arguments set forth in Speer's brief, it is also possible that she is attempting to challenge, by appealing from the final decree, the bankruptcy court's decision denying her

6

leave to file additional motions to dismiss the involuntary Chapter 7 petition, or possibly the bankruptcy court's denial of certain of her previous motions to dismiss. (Because Speer does not specify which prior order she may be seeking to appeal through appeal of the Final Decree, it is difficult to be certain).

More specifically, Speer filed numerous unsuccessful motions to dismiss the involuntary petition prior to December 2017, when the Bankruptcy Court entered a temporary order limiting Speer's ability to file documents until she paid a court-ordered sanction, and, in 2018, with the payment still outstanding, entered a filing injunction against her. *In re Speer*, 19-cv-738 at Doc. No. 22 at 2. Undeterred, Speer filed a fifth motion to dismiss, which the bankruptcy court denied. *Id.* Speer appealed that denial to this Court, which affirmed the order of the bankruptcy court, *see id.*; thereafter, the Second Circuit dismissed Speer's appeal for lack of jurisdiction, concluding that it was not a final order. *See id.* at Doc. No. 29. Speer filed a sixth motion to dismiss (or, more specifically, a motion for leave to file a motion to dismiss), which was denied; she then appealed that denial to the District Court. *See In re Speer*, 20-cv-1095 at Doc. No. 21. That order was similarly dismissed by the Second Circuit for lack of jurisdiction. *See id.* at Doc. No. 25. Based on arguments set forth in her brief, Speer may be attempting to appeal those denials of leave to file a motion to dismiss (or, possibly, orders denying her previous motions to dismiss).

To be sure, some courts have permitted a party to appeal from a non-final order by timely appealing from entry of the Final Decree closing the case. *See In re Salem,* 465 F.3d 767, 775 (7th Cir. 2006) (concluding that, where an order denying a motion to dismiss was not final and there was therefore no appeal as of right, appeal from entry of the final decree was "sufficient to bring the entire case before the district court"); *but see Hoti Enters., L.P. v. GECMC 2007 C-1 Burnett St., LLC (In re Hoti Enters., L.P.)*, 2016 U.S. Dist. LEXIS 61206, at *3 (S.D.N.Y. May

7

6, 2016) (concluding, on review of an appeal from entry of a final decree, that arguments addressed to motions previously filed were "not relevant to the Final Closing Order that they are appealing.").

To the extent that Speer does seek to challenge the bankruptcy court's decision either denying her prior motions to dismiss or denying her leave to file subsequent motions to dismiss, however, her arguments lack merit. As Judge Hall explained in her order considering Speer's appeal from the bankruptcy court's order denying Speer leave to file a sixth motion to dismiss, Speer's arguments that the bankruptcy court did not have subject matter jurisdiction are unsupported by the law in this Circuit. *See In re Speer,* 20-cv-1095 at Doc. No. 21; *see also* 19-cv-738 at Doc. No. 22. Moreover, as explained by the District Court's order addressing Speer's appeal of the denial of her fifth motion to dismiss, the bankruptcy court "properly rejected Speer's arguments urging dismissal" based on *In re Murray*. *See* 19-cv-738 at 22. Further, as discussed above, Speer's arguments that the Trustee neglected to fulfill her duties are also without merit.

In sum, even assuming that Speer may properly challenge the bankruptcy court's orders denying her leave to file prior motions to dismiss (or, possibly, orders denying her prior motions to dismiss) by appealing from entry of the Final Decree, her arguments lack merit.

### IV.     Conclusion

For the reasons set forth above, the appeal is **dismissed**. The clerk is directed to close the case.

So ordered.

Dated at Bridgeport, Connecticut this 12th day of August 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge