UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE SPEER | No. 3:21-cv-965 (SRU) |

## ORDER ON MOTION FOR RELIEF FROM JUDGMENT

Sheri Speer ("Speer") has filed a motion for relief from my dismissal of her bankruptcy appeal. *See* Doc. No. 16; Doc. No. 15. For the reasons that follow, Speer's motion for relief from judgment, doc. no. 16, is **denied**.

### I.   Background

This case was one of more than forty appeals filed by Speer in connection with the same underlying bankruptcy matter. *See* Doc. No. 15 at 1; *see also Speer v. Mangan (In re Speer)*, 2022 U.S. App. LEXIS 7862, at *3 (2d Cir. Mar. 24, 2022). Familiarity with the facts and procedural history of this case is presumed. In this Order, I will recount only the events relevant to Speer's motion for relief from judgment.

One June 8, 2021, the Trustee filed the Chapter 7 Trustee's Final Account and Distribution Report, the certification that the estate had been fully administered, and an application to be discharged. *See In Re Speer*, Dkt. No. 14-21007, Doc. No. 1922. On June 28, 2021, the bankruptcy court entered an order on the docket cancelling an upcoming status conference. *See In Re Speer*, Dkt. No. 14-21007, Doc. No. 1927. Then on July 16, 2021, the bankruptcy court entered a Final Decree discharging the Trustee, cancelling the Trustee's bond, and closing the Chapter 7 case. *See In Re Speer*, Dkt. No. 14-21007, Doc. No. 1934.

Speer appealed from both of the bankruptcy court's orders on July 13, 2021. Doc. No. 1; *See In Re Speer*, Dkt. No. 14-21007, Doc. No. 1922, Doc. No. 1927. She filed her brief

("appellate brief") on August 30, 2021. *See* Doc. No. 13. On October 13, 2021, she also filed a motion for default entry pursuant to Rule 55(a) against the Chapter 7 Trustee. *See* Doc. No. 14.

On August 12, 2022, I issued a ruling dismissing Speer's appeal and directing her case to be closed. Doc. No. 15. Speer subsequently filed a motion for relief from this Court's judgment pursuant to Rules 59 and 60. Doc. No. 16.

Speer cites to Federal Rules of Civil Procedure 59(e) and 60(b) in her motion, and she refers to her motion as a "motion for relief from judgment." *See* Doc. No. 16. Accordingly, I will consider her motion under both the Rule 59(e) standard and the Rule 60(b) standard. *See* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b).

## II.   Standard of Review

### A. Rule 59(e) Motion to Alter or Amend a Judgment

Litigants may file a motion to alter or amend a judgment pursuant to Rule 59(e) "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). In this Circuit, a litigant who seeks reconsideration of an order or judgment pursuant to Rule 59(e) faces a difficult hurdle. Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Courts have granted motions for reconsideration in limited circumstances, including: (1) where there has been an intervening change of controlling law; (2) where new evidence has become available; or (3) where there is a need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478). On the other hand, a motion for reconsideration is "not a vehicle

for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).

### B. Rule 60(b) Motion for Relief from a Final Judgment

Rule 60(b) provides that a district court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell In Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (citation omitted). Customarily, "a motion for reconsideration under Rule 60(b) is the opportunity for the Court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States ex rel. Drake v. Norden Sys., Inc.*, 2003 WL 23319386, at *1 (D. Conn. June 17, 2003) (citation omitted).

    C. Bankruptcy Appeal

In my ruling on Speer's bankruptcy appeal, doc. no. 15, I reviewed the "bankruptcy court's factual findings for clear error, and its legal conclusions *de novo*." *Overbaugh v. Household Bank N.A. (In re Overbaugh)*, 559 F.3d 125, 129 (2d Cir. 2009); *see also* 28 U.S.C. § 158. Accordingly, to prevail on her motion pursuant to Rule 59(e), Speer must show that I erred in my appellate review of the bankruptcy court's ruling. In the alterative, to prevail on her motion pursuant to Rule 60(b), Speer must point to "exceptional circumstances" that warrant relief from my ruling on her appeal.

**III.**    **Discussion**

Speer seeks relief on the basis of several contentions. First, she argues that in response to her motion for default entry, doc. no. 14, the Clerk erred in not entering the Trustee's default. *See* Doc. No. 16 at 4. In addition, Speer contests the merits of my ruling on her bankruptcy appeal, as well as the merits of the underlying bankruptcy judgment. She claims that she had argued in her appellate brief that the case was not fully administered "because the Trustee did not take actions to adequately investigate the fraudulent nature of the involuntary petition." *See id.* at 1-2. Speer further argues that this Court did not consider that "the claims of Dr. Teiger asserted in the Petition were actually property of the Receiver in *Commissioner of Banking v. Cohen*." Doc. No. 16 at 2 (cleaned up). In contrast to my determination in my ruling on her appeal, Speer also claims that she had in fact alleged pecuniary harm. *See id.* at 2, 5; *see also* Doc. No. 15 at 6.

Speer filed her motion four days after I issued my ruling dismissing her bankruptcy appeal. *See* Doc. No. 16; Doc. No. 15. Thus, her motion under Rule 59(e) is timely. Fed. R. Civ. P. 59(e). Because she filed her motion within a "reasonable" time and "no more than a year after the entry" of my ruling, her motion is also timely under Rule 60(b). Fed. R. Civ. P. 60(c)(1).

Nevertheless, Speer has not met the rigorous standards for relief pursuant to Rule 59(e) or Rule 60(b).

Before I issued my ruling on her bankruptcy appeal, Speer filed a motion for default entry against the Trustee in her bankruptcy matter. *See* Doc. No. 14. The Clerk never entered default on the docket, and, as a result, Speer did not file a motion for default judgment. Speer believes that the Trustee was in default because the Trustee did not file a brief in response to Speer's appellate brief. *See id*. at 1. She therefore appears to allege that the outcome of my ruling would have differed had the Clerk entered default against the Trustee.

"The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Shah v. N.Y. State Dep't. of Civil Service*, 168 F.3d 610, 615 (2d Cir. 1999) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)). An entry of default by the Clerk does not end the inquiry. "[A] district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *see* Fed. R. Civ. P. 55(b). Moreover, in general, default judgments are disfavored. *See Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (per curiam). Even if the Clerk had entered default against the Trustee pursuant to Rule 55(a), I would not have granted default judgment for Speer pursuant to Rule 55(b), for all the reasons detailed in my ruling on her bankruptcy appeal. *See* Fed. R. Civ. P. 55; *see also Au Bon Pain Corp.*, 653 F.2d at 65. Therefore, Speer has not established that a default

5

entry by the Clerk "might reasonably [have been] expected to alter [my] conclusion." *Shrader*, 70 F.3d at 257.[1]

Speer next argues that I overlooked her argument that the case was not fully administered. In support of that contention, Speer reiterates her argument that the Trustee failed in her obligation to ensure that the injunctive relief ordered in *Commissioner of Banking v. Cohen*, Dkt. No. X07 HHD-CV17-6078758-S was "honored." *See* Doc. No. 16 at 5. I considered the same argument in my ruling on Speer's bankruptcy appeal. *See* Doc. No. 15 at 5. In response to that argument, I cited District Judge Janet C. Hall's review of a similar argument in another of Speer's appeals—an order that was affirmed by the Second Circuit. *See Speer v. Mangan*, 2021 WL 1976429, at *3 (D. Conn. May 18, 2021), *aff'd sub nom*, *In re Speer*, 2022 WL 868837 (2d Cir. Mar. 24, 2022). As I articulated in my ruling, the Second Circuit held that "the Trustee had no duty to examine Tieger's or Clipper Realty Trust's claims because neither was paid by the estate and no 'purpose would be served' by such an examination." *In re Speer*, 2022 WL 868837, at *1; *see also* Doc. No. 15 at 5. Furthermore, I explained in my ruling that the Distribution Report in fact did not reflect payments from the estate to Tieger or Clipper Realty. *See* Doc. No. 15 at 5; *see also In Re Speer*, Dkt. No. 14-21007, Doc. No. 1922.

Speer also disputes the portion of my ruling in which I determined that Speer had not identified a pecuniary harm and that she therefore lacked standing. In her motion, Speer argues that the fact that the Trustee deemed Tieger's Loan to be a valid claim means she suffered pecuniary harm, regardless of whether or not the Trustee paid the loan. *See* Doc. No. 16 at 5. In

---

[1] What's more, this Court is not aware of any rule indicating that an appellee is required to file a response to the appellant's brief. Federal Rule of Bankruptcy Procedure 8009 states that "[w]ithin 14 days after being served, the appellee *may* file . . . additional items to be included in the record." Fed. R. Bankr. P. 8009(a)(2) (emphasis added); *cf.* Fed. R. Bankr. P. 8009(a)(1) (stating that an "appellant must file" certain documents in connection with their appeal). Thus, "the Federal Rules of Bankruptcy Procedure provide no sanction for an appellee's failure to timely file . . . a brief" in response to the appellant's brief. *In re Robinson*, 2011 WL 1883820, at *1 (W.D.N.C. May 17, 2011); *see also In re Harris*, 1997 WL 712940, at *1-*2 (4th Cir. Nov. 17, 1997). It is therefore not apparent that an entry of default by the Clerk against the Trustee would have been proper.

her appellate brief, Speer similarly argued that "[t]he Trustee's report adopted the position that Dr. Teiger's claim was valid." *See* Doc. No. 13 at 30. When I considered Speer's appeal, I carefully reviewed her brief and determined that she had not alleged any pecuniary harm resulting from the Final Decree. *See* Doc. No. 15 at 6. I first acknowledged that generally Final Decrees are not considered to cause pecuniary harm. *See id.* (citing, for example, *Kendall Hotel & Suites, Ltd. Liab. Co. v. Kapila (In re Sundale, Ltd.)*, 789 F. App'x 214, 214 (11th Cir. 2020)). To determine whether Speer alleged a basis for an exception to that general standard, I considered whether she had alleged any facts showing "a 'reasonable possibility' that the value of the bankruptcy estate assets exceeds estate debts." *In Re Osborne*, 594 F. App'x 34, 35 (2d Cir. 2015); *see* Doc. No. 15 at 6. In the alternative, I also considered whether "an adversary proceeding would deny [Speer] a discharge." *In re Speer*, 2017 Bankr. LEXIS 4656, at *32 (Bankr. D. Conn. Mar. 31, 2017); *see* Doc. No. 16 at 6. I found no allegations by Speer in her appellate brief alleging either exception, and Speer's new motion for relief from judgment does not appear to make those arguments either. As I explained in my ruling, the arguments Speer set forth in her brief concerned "separate orders or decisions in the underlying proceeding." *See* Doc. No. 16 at 6. And Speer's new motion similarly reiterates matters separate from the appeal to the Final Decree at issue in the instant case. Her new motion, like her appellate brief, therefore fails to establish pecuniary harm stemming from the Final Decree.

  Moreover, to the extent that Speer might be attempting to make a new argument about pecuniary harm not raised in her appellate brief, that new argument fails under both Rule 59(e) and Rule 60(b). Under Rule 59(e), "[a]rguments raised for the first time on a motion for reconsideration are . . . untimely." *Cruz v. Barnhart*, 2006 WL 547681, at *1 (S.D.N.Y. Mar. 7, 2006) (citing *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Stroh Cos., Inc.*, 265 F.3d 97,

7

115-16 (2d Cir. 2001)). "It is improper for the movant to present new material because, by definition, material that has not been previously presented cannot have been previously 'overlooked' by the court." *In re Sears Holdings Corp.*, 2022 WL 16703174, at *2 (Bankr. S.D.N.Y. Nov. 3, 2022) (cleaned up and citation omitted). New allegations of pecuniary harm are therefore improper in a Rule 59(e) motion.

If Speer intends to allege new arguments of pecuniary harm under Rule 60(b)(2), as newly discovered evidence, she would need to show the following:

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (citations omitted). Speer makes no attempt to characterize her argument regarding pecuniary harm as the kind of "newly discovered evidence" contemplated under Rule 60(b). *See* Doc. No. 16 at 5. Thus, to the extent that Speer is attempting to brief a new argument regarding pecuniary harm, that argument does not warrant relief under Rule 60(b) or Rule 59(e).

Finally, Speer's motion includes cites to both *Commissioner of Banking v. Cohen*, Dkt. No. X07 HHD-CV17-6078758-S, and *Speer v. Cohen*, Dkt. No. HHD-CV19-5061047-S. *See* Doc. No. 16 at 1, 5, 8 (stipulated judgment). Both cases predate Speer's appellate brief, and Speer referenced both cases in her appellate brief. *See, e.g.*, Doc. No. 13 at 12. Therefore, neither of those cases meet the requirements for newly discovered evidence under Rule 60(b). Additionally, because of the previously mentioned deficiencies in Speer's appeal, Speer also fails to establish how those cases might be expected to alter my dismissal of her appeal. Relief pursuant to Rule 59(e) is therefore also unwarranted.

**IV.     Conclusion**

Accordingly, Speer has failed to identify any basis under Rule 59(e) or Rule 60(b) for reconsidering my ruling or granting her relief from my judgment. I therefore **deny** her motion for relief from judgment. Doc. No. 16.

So ordered.

Dated at Bridgeport, Connecticut, this 24th day of March 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
